*original*

UNITED STATES DISTRICT COURT
for
DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 MAY 17  P 3: 17

CLERK'S OFFICE
GREENBELT
BY ____ DEPUTY

**LA TRICIA HARDY**

   *Plaintiff*

   v.

**NAGLE & ZALLER, P.C., et. al**

   *Defendants*

Case No.: PJM 13 CV 1461

## COMPLAINT FOR UNFAIR DEBT COLLECTION PRACTICES

Comes now the Plaintiff, La Tricia Hardy, Pro Se (from here on to be referred to as Plaintiff) and for her Complaint against Nagle & Zaller, et. al., (from here on to be referred to as the Defendants) for the purpose of requesting from the Court Judgment against Defendants regarding violations and unfair practices under the "Fair Debt Collection Practices" 15 U.S.C. § 1692 *et. seq.* (hereinafter "FDCPA") and the Maryland Consumer Debt Collection Act, Md. Code Ann. § 14-201 *et. seq.* ("hereinafter "MCDCA") to recover actual and statutory damages and costs of suit due to Defendant's violations.

### PRELIMINARY STATEMENT

1. This Complaint is filed and these proceedings are instituted under the FDCPA and the MCDCA to recover actual and statutory damages and costs of suit due to Defendant's violations.

2. The United States Congress has found there is abundant evidence of abusive deceptive and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress drafted the

FDCPA with the goal to eliminate abusive collection practices utilized by debt collectors to insure that those debt collectors who refrain from using abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged , and to promote consistent State action to protect consumers against debt collection abuses.

3. The state of Maryland passed the MCDCA, a similar but more comprehensive statue to protect individuals from abusive, unfair and harassing debt collection practices.

4. Defendant is a Maryland professional corporation actively participating in collecting debts from consumers located in Maryland.

5. Defendant Nagle & Zaller is a debt collection law firm that attempts to collects] debts on behalf of home owner associations.

6. Defendant attempts to collect alleged debts from Maryland consumers through the United States mails and by filing debt collection law suits in Maryland's District Courts.

7. Defendant conducts business in Maryland by attempting to collect on consumer debts by contacting Maryland consumers.

8. The state of Maryland requires debt collectors to be licensed by the Department of Labor, Licensing and Regulation in or to collect debts in the state of Maryland.

9. Defendant was not licensed to collect dates in the State of Maryland until September 28, 2012.

10. The communications from Defendant to Plaintiff were generally contradictory, inaccurate and misleading.

11. Plaintiff institutes this case against Defendant for violations of statutory common law and

contractual obligation and seeks to recover actual damages, statutory damages, interest and the costs of this action against Defendant for multiple violations of FDCPA and MCDCA.

## JURISDICTION AND VENUE

12. Jurisdiction of this Court under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

13. Supplemental Jurisdiction for the state law claims arise under 28 U.S.C. § 1367.

14. Venue is this District is proper in that the Defendant transacts business within the District and the conduct complained of occurred in the District.. The property was condemned in May 2012 due to Tornado damage and has been uninhabitable until reconstruction work is completed.

## PARTIES

15. Plaintiff, LaTricia Hardy, is a natural person and is a property owner in the state of Maryland.

16. Defendant Nagle & Zaller is a professional corporation formed under the laws of the state of Maryland with a business address of 7226 Le DeForest Drive, Suite 102, Columbia, MD 21046.

17. At all times relevant to this Complaint, Nagle & Zaller transacted business in the District of Maryland and at other locations throughout Maryland, operating as a law firm, collection agency, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as a "collector" and "person" as those terms are defined by MCDCA, § 14-021(b) and (d).

18. Nagle & Zaller is a "collection agency" as defined by Md. Code Ann., Bus. Reg. § 7 101(c).

## FACTUAL ALLEGATIONS

19. The Plaintiff's family member was in residence on the property until it was temporarily condemned due to storm damage.

20. The real property was subject to annual condominium assessments by Bladensburg Condominium under Maryland's Condominium Association Act, Md. Code Ann., Real Prop. § 11-101 *et.seq.*

21. The condominium fees were a financial obligation and consumer debt that was primarily for personal, family or household purposes and is there a "debt" as that term is defined by 15 U.S.C § 1692a(5), Md. Code Ann, Comm. Law §§ 13-101(d) and 14-201(c).

22. The Plaintiff regularly paid her condominium fees to Bladensburg Condominium at the inception of her tenancy.

23. Due to financial hardship, Plaintiff was unable to continue to pay her monthly condominium fees and become delinquent on these condominium fees.

24. When Plaintiff made payments on the actual past due amount on her condominium fees, it was discovered that Defendants proceeded to apply those payments to their legal fees rather than to the condominium association.        `EXHIBIT A

25. Defendant has attempted to collect from Plaintiff an alleged obligation that is a consumer debt as defined in 15 U.S.C. § 1692A.  Defendant regularly attempts to collect such debts, and Defendant is a "debt collector" as defined in 15 U.S.C § 1692a.

26. On March 30, 2012, Plaintiff sent to the Defendant a letter requesting that they remove erroneous legal fees place on the Plaintiff's acct.  EXHIBIT B.

27. Defendant disregarded this letter and its request and subsequently issued a letter dated April 30, 2012 to the Plaintiff regarding a Notice of Intent to Foreclose. EXHIBIT C

28. On May 18, 2012, in response to Defendant Notice of Intent to Foreclose, Plaintiff sent another letter requesting that Defendant validate all charges, payments and lack thereof. EXHIBIT D.

29. On June 22, 2012 Defendant sent a letter to the Plaintiff explaining the laws that require them to not have to validate her indebtedness prior to foreclosure. Plaintiff understands this, but her simple request for the validation would have disclosed the inequities on Plaintiff's account and would in turn prove no need for any foreclosure. Had the validation been done, Plaintiffs account status would have thereby been removed from a foreclosure status. EXHIBIT E.

30. On July 16, 2012, Defendant sent to Plaintiff a letter threatening her if she did not sign for the certified mail. EXHIBIT F.

31. On April 9 & 12 of 2013 both Plaintiff and Defendant sent letter to each other which crossed due to Plaintiff's being faxed. Defendant letter was another intent to foreclose letter, whereas Plaintiff's was yet again another request for validation of all of the payments she made to Bladensburg Condominium. During this time period is when Nagle & Zaller added additional legal fees. Plaintiff noticed at that time that the legal fees that were being billed were unjustified legal charges. EXHIBIT G

32. Defendant was not licensed to attempt to collect debts from any location in Maryland when the first debt collection action was filed. EXHIBIT H

33. In fact, Defendant did not receive a license to collect debts in Maryland until September 28, 2012.

34. At all times relevant to this Complaint until September 28, 2012, when Defendant Nagle & Zaller attempted to collect the consumer debts from Plaintiff, Defendant Nagle & Zaller lacked the authority to conduct such business in the State of Maryland.

35. Defendant Nagle & Zaller is a "collection agency" as that term is defined by Title 7 of the Business Regulation Article, Maryland Code Annotated because Defendant Nagle & Zaller services consumer debt after the debt is in default.

36. Due to this misappropriation of funds, Defendant has attempted to imply a threat of foreclosure against the Plaintiff for non-payment of condominium fees that they retained for themselves as opposed to applying to Plaintiffs account with Bladensburg Condominium.

## COUNT I

### (Injunctive Relief)

37. Plaintiff incorporated the foregoing allegations

38. Plaintiff seeks a declaration on her behalf; the Defendant has acted unlawfully by acting as a debt collection agency in the State of Maryland without the required license.

39. Defendant should be ordered to disgorge all amounts that it has obtained while acting illegally as a debt collection agency without a license.

40. Halt foreclosure proceedings until final decision of this case before the Court.

**WHEREFORE,** Plaintiff prays that the court:

41. Order appropriate injunctive relief to prevent further violations of law, including a preliminary and permanent injunction.

42. Order the Defendant to disgorge all amounts collected for the Plaintiff while the Defendant acted as a debt collection agency without a license.

43. Order the Defendant to credit to the Plaintiff, who is a Defendant in any open judgment, all amounts that constitute illegal or improper charges and fees.

44. Order appropriate injunctive relief.

45. Provide such other or further relief as the Court deems appropriate,

## COUNT II

### (Claims for Violation of the Fair Debt Collections Act)

46. Plaintiff incorporates the foregoing allegations.

47. Plaintiff, who is a "consumer" as defined in 15 U.S.C. § 1692a(3), would show that the alleged obligation that Defendant attempted to collect is a "debt" as defined in 15 U.S.C. § 1692a(6), and Defendants are "debt collectors" as defined in 15 U.S.C. § 1692(6). Defendants conduct has violated the Fair Debt Collection Practices Act in the following respects:

48. Defendant sent repeated letters for the purposes of harassment, and to attempt, illegally, to induce the Plaintiff to make payment for a purported debt that he had not responsibility to pay.

49. Defendant failed to give the proper validation notice within five (5) days of the initial communication with the consumer in violation of 15 U.S.C. § 1692g.

50. Defendant failed to give the correct "mini Miranda" notice in all communications with the consumer in violation of 15 U.S.C. § 1692e(11).

51. Defendant misrepresented the character or the amount of the alleged debt in violation of 15 U.S.C § 1692E(2)(A).

52. Defendant engaged in false, deceptive, or misleading representations or means in connection with the collection of a debt by:

    A. Falsely representing or implying that it would take an action that could not be legally taken, in violation of 15 u.s.c. § 1692e(5)

    B. Falsely representing or implying that Plaintiff committed conduct in order to disgrace Plaintiff, violation of 15 U.S.C. § 1692E(7)

    C. Using a false representation or deception means to collect or attempt to collect any debt or obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10).

53. The Defendant has violated the FDCPA by acting as a debt collection agency when it did

not hold a license to do so as required under MCALA in violation of 15 U.S.C. § 1692e (5) and other provisions of the FDCPA.

54. The practice of operating illegally without a mandatory license and collection and attempting to collect fees for expenses not actually incurred or permitted under Maryland law is a unfair or deceptive practice in violation of U.S.C. § 1692f.

55. The FDCPA provides for statutory damages in addition to actual damages.

**WHEREFORE**, the Plaintiff prays that the Court enter Judgment for damages against the Defendant for the following:

56. Award actual damages in the amount of $75,000.00 (seventy five thousand dollars).

57. Award statutory damages to be determined by the Court.

### DEMAND FOR TRIAL BY JURY

Plaintriff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: May  , 2013

Respectfully submitted,

La Tricia Hardy, Pro Se
1006 – 15th Street, S.E.
Washington, DC  20003

### Certificate of Service

I do hereby certify that a copy of the foregoing was mailed, postage prepaid, on this _____ day of May 2013, to the following:

Nagle & Zaller, P.C. et. al.
7226 Lee Deforest Drive, Suite 102
Columbia, MD 21046

La Tricia Hardy