IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LATRICIA HARDY<br><br>PLAINTIFF<br><br>V.<br><br>NAGLE & ZALLER, P.C.<br><br>DEFENDANT | CASE NO.: PJM-13-CV-1461 |

## DEFENDANT NAGLE & ZALLER'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT I AND <u>REQUEST FOR A HEARING</u>

COMES NOW the Defendant, Nagle & Zaller, P.C, ("Nagle & Zaller" or "Defendant"), by and through its attorneys, Stacey A. Moffet and Eccleston & Wolf, P.C., pursuant to Federal Rule of Civil Procedure 12(b)(6), and hereby files this Memorandum of Law in Support of its Motion to Dismiss Count I and Request for Hearing,[1] and in support thereof, states as follows:

### Introduction

In this action, Plaintiff contends in Count I that she is entitled to declaratory and injunctive relief for Defendant Nagle & Zaller's alleged violations of the Fair Debt Collection Practices Act, 15 USC §§ 1692 *et seq.* ("FDCPA"). Inasmuch as injunctive relief is not available under the FDCPA, Count I of Plaintiff's Complaint fails to state a proper claim. It therefore should be dismissed with prejudice.

---

[1] Plaintiff allege, in Count II, other violations of the Fair Debt Collection Practices Act, 15 USC §§ 1692, *et seq.* Defendant has answered and denied these claims. *See* Paper No. 7.

**Statement of Undisputed Facts**

The following facts are not in dispute: Plaintiff admits that she fell behind on her monthly condominium fees and became delinquent. *See* Pl. Compl. ¶ 23. Defendant Nagle & Zaller, on behalf of Plaintiff's condominium association, attempted to collect on the outstanding debt by sending Plaintiff several Notices of Intent to Foreclose. *Id.* at ¶¶ 25, 27, 31. Plaintiff does not allege that Defendant Nagle & Zaller actually initiated foreclosure proceedings against her property.

On May 17, 2013, Plaintiff filed the present Complaint against Defendant, alleging that Defendant violated specific provisions of the FDCPA by attempting to collect from her a consumer debt on behalf of the condominium association. Specifically, Plaintiff asserts that Defendant acted unlawfully by: acting as a collection agency without a proper license; failing to properly validate her debt; failing to include certain information in its communications to her; misrepresenting the amount of the alleged debt; falsely implying that it could take action that could legally not be taken; and, using deceptive means to collect a debt. *Id.* at ¶¶ 49-53. Plaintiff also alleges that Defendant attempted to collect fees for expenses "not actually incurred or permitted[,]" in violation of the FDCPA. *Id.* at ¶ 54. Plaintiff contends, in Count I, that this alleged conduct entitles her to injunctive relief, including a declaration that Defendant's debt collection activity was unlawful and a Court Order requiring Defendant to disgorge of all amounts allegedly unlawfully obtained and credit her for amounts that "constitute illegal or improper charges and fees." *Id.* at ¶¶ 37-45. As noted above, since injunctive relief is not available under the FDCPA, Count I should be dismissed with prejudice.

## Legal Standard

## Motion to Dismiss

FRCP 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Although the Court must accept as true all factual allegations contained in the Complaint in ruling on such a motion, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Quander v. Hillcrest, Davidson & Assocs., LLC*, 2012 U.S. Dist. LEXIS 182054 at *6 (D. Md. Dec. 27, 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, a complaint that fails to allege a "plausible claim for relief" will be dismissed. *Quander*, 2012 U.S. Dist. LEXIST at *7. That is, a complaint that does not contain the necessary factual averments to allege the requisite elements of a cause of action is fatally deficient. *Id.*

## Argument

### I. Count I Should be Dismissed Because Plaintiff has Failed to State a Claim for an Injunction or Declaration.

#### A. Declaratory and Injunctive Relief are not Available Under the FDCPA

As stated, in Count I, Plaintiff seeks a declaration that Defendant "acted unlawfully by acting as a debt collection agency. . . ." Pl. Compl. ¶ 38. She also requests a preliminary and permanent injunction and an Order requiring Defendant to "disgorge all amounts" and credit her "all amounts that constitute illegal or improper charges and fees[.]" *Id.* at ¶¶ 39, 41-43.

As this Court noted in *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719 (D. Md. 2011), an FDCPA Plaintiff is not entitled to equitable relief, such as the

declaration, injunction, disgorgement, and credit that Plaintiff Hardy seeks here. *Id.* at 733 (citing *Hauk v. LVN Funding, LLC*, 749 F. Supp. 2d. 358, 368-69 (D. Md. 2010)). As such, Plaintiff is not entitled to a declaration as to the legality of Defendant's collection activities. There is similarly no basis for this Court to grant an injunction or order Defendant to disgorge or credit any amount. Accordingly, Plaintiff fails to state the existence of a controversy which this court should settle, and Count I must be dismissed with prejudice.

### B. Plaintiff's Declaratory Judgment Must be Dismissed Because the Fair Debt Collection Practices Act Prescribes Plaintiff's Remedy.

Plaintiff's request for a declaration regarding the legality of Defendant's collection activities fails for another reason: a statutory remedy is available. Indeed, the FDCPA establishes civil liability for any debt collector who fails to comply with its provisions. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 U.S. 1605, 1608 (2010) (the FDCPA subjects debt collectors to liability for certain prohibited debt collection practices); FDCPA § 1692k (providing that any debt collector who fails to comply with the requirements set forth in the FDCPA is liable to the debtor for statutory and actual damages, including attorney's fees). Because the FDCPA prescribes Plaintiff's remedy, declaratory judgment is inappropriate.

As this Court has stated in no uncertain terms, a declaratory judgment, authorized by the federal Declaratory Judgment Act,[2] is "not an available or appropriate type of remedy. . .where. . . there is another applicable statutory remedy." *Emanuel v. Ace Am. Ins. Co.*, 2011 U.S. Dist. LEXIS 135314 at *5 n.3 (D. Md. 2011); *Maryland Casualty Co. v. Boyle Const. Co.*, 123 F.2d 558, 565 (4th Cir. 1941) (the Court should refuse a

---

[2] *See* 28 USC § 2201.

declaration "where a special statutory remedy has been provided. . . in [such a situation] it is neither necessary nor proper to issue the declaration"). Here, Count I seeks a declaration that the allegations underlying Plaintiff's FDCPA action (Count II) are true. Because the FDCPA provides Plaintiff with the mechanism to litigate the lawfulness of Defendant's collection activities, Maryland law requires that this Court decline to issue Plaintiff a declaratory judgment on that issue.

Moreover, although the existence of another adequate remedy does not bar declaratory relief, *Powell v. McCormack*, 395 U.S. 486, 518-19 (1969), the Court cannot issue a declaration where, as here, the factual and legal questions at issue are more appropriately considered at law. *Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937) (a declaratory judgment may be refused when a useful purpose will not be served). Plaintiff's request for declaratory judgment here serves no useful purpose and will not clarify the legal rights and obligations at issue. Indeed, the termination of this controversy is likely to occur only in conjunction with the FDCPA portion of the suit, when the fact finder determines whether Defendant acted in contravention of that statute. Accordingly, Count I must be dismissed with prejudice.

## Conclusion

WHEREFORE, Defendant, Nagle & Zaller, P.C., respectfully requests that its Motion to Dismiss Count I and Request for Hearing be GRANTED.

Respectfully submitted,

*Stacey Moffet* /s/

Stacey A. Moffet (Fed. Bar No. 23025)
ECCLESTON & WOLF, P.C.
7240 Parkway Drive, 4th Floor
Hanover, Maryland 21076
Telephone: (410) 752-7474
Facsimile: (410) 752-0611
E-Mail: Moffet@ewmd.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this \_\_\_18\_\_\_ day of July 2013, a copy of the foregoing Memorandum of Law in Support of Defendant Nagle & Zaller, P.C.'s Motion to Dismiss Count I and Request for Hearing was mailed, via First Class Mail, postage prepaid to:

La Tricia Hardy
1006 – 15th Street, S.E.
Washington, DC 20003
*Plaintiff*

_____
Stacey A. Moffet