IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LATRICIA HARDY** | * | |
| | * | |
| v. | * | |
| | * | Civ. No.: PJM 13-1461 |
| **NAGLE & ZALLER, P.C.** | * | |
| | * | |
| **Defendant** | * | |

## **MEMORANDUM OPINION**

Plaintiff LaTricia Hardy, proceeding *pro se*, has brought this action, alleging that Defendant Nagle & Zaller, P.C. ("Nagle") collected debts without a proper license and violated the Fair Debt Collection Practices Act (FDCPA) by harassing her, failing to give proper validation notice, misrepresenting the amount of her alleged debt, and engaging in deceptive, false, or misleading communications. Nagle has filed a Motion to Dismiss Count I [Paper No. 9]. Hardy did not file an Opposition. Having considered the Motion, the Court **GRANTS** the Motion to Dismiss Count I.

I.

In Count I, Hardy requests relief in the form of an injunction as well as a declaration that Nagle has acted unlawfully, as well as an order requiring Nagle to disgorge all amounts collected from her and to credit her all amounts that constituted illegal or improper charges and fees. In its Motion to Dismiss Count I, Nagle argues that dismissal is appropriate because: (1) declaratory and injunctive relief is not available to plaintiffs under the FDCPA; and (2) declaratory judgment is not permitted because the FDCPA prescribes the proper remedy for plaintiffs.

The Court agrees.

II.

"Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Quander v. Hillcrest, Davidson & Assocs., LLC*, No. RDB-12-1932, 2012 WL 6727141, at *2 (D. Md. Dec. 27, 2012). A court must accept all factual allegations in a complaint as true when ruling on such a motion, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to properly plead a claim. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The factual allegations must state a claim for relief that is plausible, meaning they must "permit the court to infer more than the mere possibility of misconduct." *Iqbal,* 556 U.S. at 679. Although complaints filed by *pro se* plaintiffs are "to be liberally constructed and…must be held to less stringent standards than formal pleadings drafted by lawyers," they must still meet the minimal threshold of plausibility. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

### III.

"[E]quitable relief is not available to an individual under the FDCPA." *Parillon v. Freemont Inv. & Loan*, No. L-09-3352, 2010 WL 1328425, at *3 (D. Md. Mar. 25, 2010); *see also Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004) ("[I]njunctive and declaratory relief are not available to litigants acting in an individual capacity under the FDCPA."); *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 977, n. 39 (5th Cir. 2000) ("[C]ourts uniformly hold that the FDCPA does not authorize equitable relief."); *Sibley v. Fulton DeKalb Collection Service*, 677 F.2d 830, 834 (11th Cir. 1982) ("[E]quitable relief is not available to an individual under the civil liability section of the Act."); *Hauk v. LVN Funding, LLC*, 749 F. Supp. 2d 358, 368-69 (D. Md. 2010). In Count I, Hardy, as an individual, brings a claim under the FDCPA, seeking both

an injunction and a declaration of unlawful action.  However, as the case law makes clear, the FDCPA creates no such right of action.  *Id.*  As a result, Count I fails to state a proper claim and must be dismissed.  It is not necessary, therefore, to address Nagle's second argument.

IV.

For the foregoing reasons, Defendant Nagle & Zaller, P.C.'s Motion to Dismiss Count I [Paper No. 9] is **GRANTED**.

A separate order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

December 6, 2013